**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CALVIN KLEIN TRADEMARK TRUST and CALVIN KLEIN, INC., | |
| Plaintiffs, | Case No. 19-cv-04365 |
| v. | |
| THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A," | |
| Defendants. | |

**COMPLAINT**

Plaintiffs Calvin Klein Trademark Trust and Calvin Klein, Inc. (together, "Plaintiffs" or "Calvin Klein") hereby bring the present action against the Partnerships and Unincorporated Associations identified on Schedule A attached hereto (collectively, "Defendants") and allege as follows:

## I.   JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq.*, 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.  This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly

targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores operating under the Defendant Domain Names and/or the Online Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Defendant Internet Stores"). Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products using counterfeit versions of Calvin Klein's trademarks. Each of the Defendants has targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products using counterfeit versions of Calvin Klein's federally registered trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Calvin Klein substantial injury in the State of Illinois.

## II. INTRODUCTION

3.     This action has been filed by Calvin Klein to combat online counterfeiters who trade upon Calvin Klein's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit products, including men's underwear, watches, handbags and sunglasses, using counterfeit versions of Calvin Klein's federally registered trademarks (the "Counterfeit Calvin Klein Products"). The Defendants create the Defendant Internet Stores by the hundreds and design them to appear to be selling genuine Calvin Klein products, while actually selling Counterfeit Calvin Klein Products to unknowing consumers. The Defendant Internet Stores share unique identifiers, such as design elements and similarities of the Counterfeit Calvin Klein Products offered for sale, establishing a logical relationship between them and suggesting that Defendants' counterfeiting operation arises out of the same

transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid liability by going to great lengths to conceal both their identities and the full scope and interworking of their counterfeiting operation. Calvin Klein is forced to file these actions to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Calvin Klein Products over the Internet. Calvin Klein has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks as a result of Defendants' actions and seeks injunctive and monetary relief.

### III.   THE PARTIES

**Plaintiffs**

4.     Plaintiff Calvin Klein Trademark Trust ("CKTT") is a business trust organized and existing under the laws of Delaware with an address, c/o Calvin Klein, Inc., at 205 West 39th Street, New York, New York 10018. CKTT's sole trustee, Wilmington Trust Company, is a Delaware corporation with a business address at Rodney Square North, 1100 North Market Street, Wilmington, Delaware 19890. CKTT is the record owner of the CALVIN KLEIN and CK trademarks for underwear, watches, and various other products (among other marks) in the United States.

5.     Plaintiff Calvin Klein, Inc. is a corporation organized and existing under the laws of the State of New York, having its principal place of business at 205 West 39th Street, New York, New York 10018. Calvin Klein, Inc. is the beneficial owner of the trademarks owned by CKTT, including trademarks for watches and various other products (among other marks), in the United States.

6.     Calvin Klein is one of the leading fashion design and marketing companies in the world.  It designs and markets women's and men's designer collection apparel and a range of other products that are manufactured and marketed through an extensive network of licensing agreements and other arrangements worldwide. Brands/lifestyles include CALVINKLEIN205W39NYC, ck Calvin Klein, Calvin Klein, Calvin Klein Jeans, and Calvin Klein Underwear, among others.  Product lines under the various Calvin Klein brands include women's dresses and suits, men's dress furnishings and tailored clothing, men's and women's sportswear and performance apparel, golf apparel, jeanswear, underwear, fragrances, eyewear, women's performance apparel, hosiery, socks, footwear, swimwear, jewelry, watches, outerwear, handbags, small leather goods, and home furnishings (including furniture), all of which prominently display its famous, internationally-recognized and federally-registered trademarks, including CALVIN KLEIN (collectively, the "Calvin Klein Products").  Calvin Klein Products have become enormously popular and even iconic, driven by Calvin Klein's arduous quality standards and innovative design.  Among the purchasing public, genuine Calvin Klein Products are instantly recognizable as such.  In the United States and around the world, the Calvin Klein brand has come to symbolize high quality and prestige.  Further, Calvin Klein Products are among the most recognizable in the world.

7.     Calvin Klein Products are distributed and sold to consumers through department stores including, but not limited to, Nordstrom and Macy's, throughout the United States and in Illinois, and through the official e-commerce calvinklein.com website which was launched in August 2008.

8.     Calvin Klein has continuously sold Calvin Klein Products under the Calvin Klein trademarks in the United States for many years.  Calvin Klein incorporates a variety of

distinctive marks in the design of its various Calvin Klein Products. As a result of its long-standing use, Calvin Klein owns common law trademark rights in its trademarks. Calvin Klein has also registered its trademarks with the United States Patent and Trademark Office. Calvin Klein Products typically include at least one of the federally registered Calvin Klein trademarks. Often the Calvin Klein mark is displayed in more than one location on a single product (*e.g.*, interior label, lining, or external name plate). Calvin Klein uses its trademarks in connection with the marketing of its Calvin Klein Products, including the following marks, which are collectively referred to as the "CALVIN KLEIN Trademarks."

| Registration Number | Trademark | Goods and Services |
|---|---|---|
| 1,993,879 | CALVIN KLEIN | For: watches and jewelry in class 014. |
| 1,418,226 | CALVIN KLEIN | For: eyeglass frames and sunglasses in class 009. |
| 2,069,292 | CK CALVIN KLEIN JEANS | For: women's, men's, boys and girls wearing apparel, namely, shirts, T-shirts, tank tops, blouses, jackets, sport coats, pants, dresses, shorts, walking shorts, skirts, jeans, gloves, suits, blazers, clothing belts, socks, tights, hats; outerwear, namely, jackets, coats, vests, sweaters, shearling, shearling jackets, rain wear, rain coats, capes, ponchos, warm-up suits, scarves, shawls, and clothing ties in class 025.<br><br>For: advertising agencies and developing promotional campaigns for businesses in class 035.<br><br>For: design services for others in the field of clothing and retail boutique store services in class 042. |
| 2,314,144 | CK | For: jewelry and watches in class 014. |

5

| 1,932,699 | Calvin Klein | For: briefs, boxer shorts, athletic shirts and bottoms, t-shirts and tank tops, undershirts, underpants and undershirts, robes, knitted and woven sleepwear, namely sleep shirts, pajama tops, pajama bottoms, smoking jackets, knitted and woven loungewear, including lounging pants and tops, and lounge jackets in class 025. |
|---|---|---|
| 1,819,048 | Calvin Klein | For: men's wearing apparel; namely, suits, sports jackets; blazers, dinner jackets, pants, jeans, outer coats, raincoats, shirts, vests, sweaters, ties, belts; women's wearing apparel; namely, jeans, and gloves; children's wearing apparel; namely, dresses, skirts, jeans and shirts in class 025. |
| 1,633,261 | Calvin Klein | For: men's and boys' underwear and men's and boys' shorts; women's and girls' underwear (including brassieres and underpants); women's nightgowns in class 025. |
| 1,604,663 | Calvin Klein | For: women's handbags, wallets, billfolds, french purses, briefcase type leather portfolios and briefcase type leather organizer, key case, key fobs, change purses, luggage, vanity cases, overnight cases, duffle bags, suit bags, tote bags, trunks, briefcases, attaché cases and suit cases in class 018. |
| 2,483,764 | cK | For: eyeglass frames, sunglasses in class 009.<br><br>For: clothing caps and hats in class 025.<br><br>For: advertising agencies and developing promotional campaigns for businesses in class 035.<br><br>For design for others in the field of clothing and retail clothing boutiques in class 042. |

| 2,454,886 | cK | For: eyeglass frames, sunglasses in class 009.<br><br>For: watches and clocks in class 014.<br><br>For: clothing, footwear and headwear for women, men, boys and girls, namely, jump suits, shirts, blouses, jackets, bathing suits, pants, belts, shorts, warm-up suits, sweatpants and sweatshirts, walking shorts, jeans, knitted tops, stockings, tights, hats, caps, coats, outer coats, sweaters, skirts, coats, t-shirts, beach and swimming cover-ups, tank tops, camisoles; tennis and golf apparel, namely, dresses, tops, skirts, pants, and shorts; footwear, namely, shoes, active sport shoes, sneakers, boots, slippers; blazers, pants, socks in class 025.<br><br>For: advertising agencies and developing promotional campaigns for businesses in class 035.<br><br>For: design for others in the field of clothing and retail clothing boutiques in class 042. |
| --- | --- | --- |
| 2,080,100 | cK | For: women's, men's, boys and girls wearing apparel, namely, shirts, t-shirts, jump suits, tank tops, blouses, jackets, bathing suits, beach and swimming cover-ups, pants, dresses, shorts, walking shorts, skirts, jeans, gloves, sports jackets, blazers, belts, socks, stockings, tights, hats, outerwear, namely jackets, coats, sweaters, rainwear, raincoats, capes, ponchos, shoes, boots, slippers, tennis and golf dresses, tennis and golf shorts, warm-up suits, scarves, shawls in class 025. |
| 2,076,377 | cK | For: handbags, wallets, key cases, change purses, cosmetic bags and pouches sold empty, briefcase-type portfolios, suit bags, trunks for traveling, suitcases, umbrellas, billfolds, duffle bags, tote bags, briefcases and attaché cases, luggage, overnight cases, |

| | | |
|---|---|---|
| | | toilet kits sold empty, credit card holders, business card holders, eyeglass cases made from leather or imitation thereof in class 018. |
| 2,074,471 |  | For: men's underwear, sleepwear and loungewear products, namely briefs, boxer shorts, athletic shirts and bottoms, t-shirts and tank tops, undershirts, underpants and undershirts, robes, knitted and woven sleepwear, namely sleep shirts, pajama tops, pajama bottoms, breakfast jackets, smoking jackets, bed jackets and cover-ups, knitted and woven loungewear, including lounging pants and tops, and lounge jackets; boy's underwear, namely briefs and boxer shorts in class 025. |
| 2,064,064 |  | For: women's and girl's intimate apparel, sleepwear and loungewear, bodywear, namely foundations, bras, girdles, garter belts, one piece bra and girdle, corselettes, body stockings, control briefs, control hipsters, control bikinis, bra slips, bra top camisoles, waist cinchers, bustiers, merry widows, camisettes, leotards and unitards, daywear, namely culottes, bikinis, hipsters, briefs, slips, blouse-slips, camisole-slips, chemise slips, culotte slips, evening slips, maternity slips, panty slips, princess slips, shadow panel slips, strapless slips, suite slips, tailored slips, half-slips, petti-slips, bra-slips, chemises, teddies, camisoles, bra top camisoles, bralettes, tap pants and petti-pants, daywear, loungewear, sleepwear and bodywear, namely nightgowns, toga nightgowns, night shirts, pajamas, shortie pajamas, baby doll pajamas, t-shirt pajamas, french maid sleepers, harem pajamas, hostess culottes, lounging pajamas, rompers, sleep shorts, peignoirs, bed jackets, caftans, jumpsuits, teddies, bathrobes, dressing gowns, kimonos, housecoats, beach togas, beach wrap-ups, breakfast coats, brunch coats, hooded bathrobes, dusters, hostess robes, kabuki |

| | | |
|---|---|---|
| | | robes, lounging robes and monk's robes, bra tops, crop tops and leggings, excluding women's hosiery in class 025. |
| 2,192,526 | CK Calvin Klein | For: watches, excluding (14k and 18k gold jewelry) in class 014. |
| 2,144,299 | CK Calvin Klein | For: eyeglass frames and sunglasses in class 009. |
| 2,142,329 | CK Calvin Klein | For: handbags, wallets, keycases, change purses, cosmetic cases sold empty, briefcase-type portfolios, suit bags, luggage trunks, suitcases, umbrellas, billfolds, duffelbags, totebags, briefcases and attaché cases, luggage and overnight cases in class 018. |
| 1,951,987 | CK Calvin Klein | For: handbags, wallets, key cases, change purses, cosmetic bags and pouches sold empty, briefcase-type portfolios, suit bags trunks for traveling, suitcases, umbrellas, billfolds, duffle bags, tote bags, briefcases and attaché cases, luggage, overnight cases in class 018. |
| 1,929,343 | CK Calvin Klein | For: men's and boy's underwear, sleepwear and loungewear products, namely briefs, boxer shorts, athletic shirts and bottoms, t-shirts and tank tops, undershirts, underpants and undershirts, robes, knitted and woven sleepwear, namely sleep shirts, pajama tops, pajama bottoms, breakfast jackets, smoking jackets, bed jackets and cover-ups, knitted and woven loungewear, including lounging pants and tops, and lounge jackets in class 025. |
| 1,810,850 | CK Calvin Klein | For: women's, men's, boys and girls wearing apparel; namely, shirts, blouses, jackets, bathing suits, beach and swimming cover-ups, pants, dresses, shorts, skirts, jeans, gloves, suits, sports jackets, belts, socks, underwear, stockings, tights, hats, |

| | | | outerwear; namely, coats and vests, sweaters, t-shirts, rainwear, raincoats, tank tops, shoes, boots, slippers, blazers, bras, nightgowns, robes, scarves and shawls in class 025. |
|---|---|---|---|

9.    The above U.S. registrations for the CALVIN KLEIN Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. The registrations for the CALVIN KLEIN Trademarks constitute *prima facie* evidence of their validity and of Calvin Klein's exclusive right to use the CALVIN KLEIN Trademarks pursuant to 15 U.S.C. § 1057(b).    The CALVIN KLEIN Trademarks have been used exclusively and continuously by Calvin Klein, some since at least as early as 1968, and have never been abandoned.    True and correct copies of the United States Registration Certificates for the above-listed CALVIN KLEIN Trademarks are attached hereto as **Exhibit 1**.

10.    Calvin Klein has built substantial goodwill in the CALVIN KLEIN Trademarks. As a result, the CALVIN KLEIN Trademarks are both famous marks and valuable assets.

11.    The CALVIN KLEIN Trademarks are exclusive to the Calvin Klein brand, and are displayed extensively on Calvin Klein Products and in Calvin Klein's marketing and promotional materials.    Calvin Klein Products have long been among the most popular of their kind in the world and have been extensively promoted and advertised at great expense.    In fact, Calvin Klein has expended millions of dollars annually in advertising, promoting and marketing featuring the CALVIN KLEIN Trademarks.    Calvin Klein Products have also been the subject of extensive unsolicited publicity resulting from their high-quality, innovative designs and renown as desired luxury items.    Calvin Klein augments this unsolicited media coverage with extensive paid advertising featuring internationally-known celebrities, including Mark Wahlberg, Kim Kardashian West, Justin Bieber, Kendall Jenner, and Eva Mendes in upscale, luxury magazines

worldwide, such as *Elle* and *Vogue*. Because of these and other factors, the Calvin Klein name and the CALVIN KLEIN Trademarks have become famous throughout the United States.

12.     Mr. Calvin Klein, and his successors as designers for the brand, Francisco Costa, (Women's Calvin Klein Collection), Italo Zucchelli, (Men's Calvin Klein Collection), Ulrich Grimm, (Calvin Klein Collection Accessories), Kevin Carrigan, (Calvin Klein White Label), and Raf Simons, (Chief Creative Officer), have been repeatedly recognized in the fashion world. Many of them have been honored by the Council of Fashion Designers of America, including in 2018 (Womenswear Designer of the Year, Raf Simons), 2017 (Womenswear and Menswear Designer of the Year, Raf Simons), 2009 (Menswear Designer of the Year, Italo Zucchelli), 2008 (Womenswear Designer of the Year, Francisco Costa), and 2006 (Womenswear Designer of the Year, Francisco Costa). Mr. Calvin Klein was awarded The Geoffrey Beene Lifetime Achievement Award in 2001, Menswear Designer of the Year in 1998-1999, Womenswear Designer of the Year and Menswear Designer of the Year in 1993, Best American Collection in 1987, and other awards in 1981 and 1983.

13.     The CALVIN KLEIN Trademarks are distinctive when applied to the Calvin Klein Products, signifying to the purchaser that the products come from Calvin Klein and are manufactured to Calvin Klein's quality standards. Whether Calvin Klein manufactures the products itself or licenses others to do so, Calvin Klein has ensured that products bearing its trademarks are manufactured to the highest quality standards. The CALVIN KLEIN Trademarks have achieved tremendous fame and recognition, which has only added to the inherent distinctiveness of the marks. As such, the goodwill associated with the CALVIN KLEIN Trademarks is of incalculable and inestimable value to Calvin Klein.

14.     Since at least as early as 2008, Calvin Klein has operated a website at calvinklein.com where it promotes and sells genuine Calvin Klein Products.   The calvinklein.com website features proprietary content, images and designs exclusive to Calvin Klein.

15.     Calvin Klein has expended substantial time, money, and other resources in developing, advertising and otherwise promoting and protecting the CALVIN KLEIN Trademarks.   As a result, products bearing the CALVIN KLEIN Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high-quality products sourced from Calvin Klein.   Calvin Klein is a multi-billion dollar operation, and Calvin Klein Products have become among the most popular of their kind in the world.

**The Defendants**

16.     Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions.   Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Defendant Internet Stores.   Each Defendant targets the United States, including Illinois, and has offered to sell, and on information and belief, has sold and continues to sell Counterfeit Calvin Klein Products to consumers within the United States, including the State of Illinois.

17.     On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to knowingly and willfully manufacture, import, distribute, offer for sale, and sell products using counterfeit versions of the CALVIN KLEIN Trademarks in the same transaction, occurrence, or series of transactions or occurrences.   Tactics used by

Defendants to conceal their identities and the full scope of their counterfeiting operation make it virtually impossible for Calvin Klein to learn Defendants' true identities and the exact interworking of their counterfeit network. In the event that Defendants provide additional credible information regarding their identities, Calvin Klein will take appropriate steps to amend the Complaint.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

18. The success of the Calvin Klein brand has resulted in its significant counterfeiting. Consequently, Calvin Klein has a worldwide anti-counterfeiting program and regularly investigates suspicious websites and online marketplace listings identified in proactive Internet sweeps and reported by consumers. In recent years, Calvin Klein has identified thousands of domain names linked to fully interactive websites and marketplace listings on platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, including the Defendant Internet Stores, which were offering for sale and selling Counterfeit Calvin Klein Products to consumers in this Judicial District and throughout the United States. Despite Calvin Klein's enforcement efforts, Defendants have persisted in creating the Defendant Internet Stores. Internet websites like the Defendant Internet Stores are estimated to receive tens of millions of visits per year and to generate over $135 billion in annual online sales. According to an intellectual property rights seizures statistics report issued by Homeland Security, the manufacturer's suggested retail price (MSRP) of goods seized by the U.S. government in fiscal year 2014 was over $1.23 billion. Internet websites like the Defendant Internet Stores are also estimated to contribute to tens of thousands of lost jobs for legitimate businesses and broader economic damages such as lost tax revenue every year.

19.     Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. Many of the Defendant Internet Stores look sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, Western Union, and/or PayPal.  The Defendant Internet Stores often include content and design elements that make it very difficult for consumers to distinguish such counterfeit sites from an authorized website.  Many Defendants further perpetuate the illusion of legitimacy by offering customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and/or PayPal® logos.  Calvin Klein has not licensed or authorized Defendants to use any of the CALVIN KLEIN Trademarks, and none of the Defendants are authorized retailers of genuine Calvin Klein Products.

20.     Many Defendants also deceive unknowing consumers by using the CALVIN KLEIN Trademarks without authorization within the content, text, and/or meta tags of their websites in order to attract various search engines crawling the Internet looking for websites relevant to consumer searches for Calvin Klein Products.  Additionally, upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results and misdirect consumers searching for genuine Calvin Klein Products. Other Defendants only show the CALVIN KLEIN Trademarks in product images, while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Calvin Klein Products.

21.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores.

For example, many of Defendants' names and physical addresses used to register the Defendant Domain Names are incomplete, contain randomly typed letters, or fail to include cities or states. Other Defendant Domain Names use privacy services that conceal the owners' identity and contact information. On information and belief, Defendants regularly create new websites and online marketplace accounts on various platforms using the identities listed in Schedule A to the Complaint, as well as other unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

22. Even though Defendants operate under multiple fictitious names, there are numerous similarities among the Defendant Internet Stores. For example, many of the Defendant websites have virtually identical layouts, even though different aliases were used to register the respective domain names. In addition, Counterfeit Calvin Klein Products for sale in the Defendant Internet Stores bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Calvin Klein Products were manufactured by and come from a common source and that Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same domain name registration patterns, shopping cart platforms, accepted payment methods, check-out methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced items and volume sales discounts, the same incorrect grammar and misspellings, similar hosting services, similar name servers, and the use of the same text and images, including content copied from Calvin Klein's calvinklein.com website.

23.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other similar cases against online counterfeiters use a variety of other common tactics to evade enforcement efforts.  For example, counterfeiters like Defendants will often register new domain names or online marketplace accounts under new aliases once they receive notice of a lawsuit.  Counterfeiters also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received.  Rogue servers are notorious for ignoring take down demands sent by brand owners.  Counterfeiters also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

24.     Further, counterfeiters such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Calvin Klein's enforcement efforts.  On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court.  Indeed, analysis of PayPal transaction logs from previous similar cases indicates that off-shore counterfeiters regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

25.     Defendants, without any authorization or license from Calvin Klein, have knowingly and willfully used and continue to use the CALVIN KLEIN Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Calvin Klein Products into the United States and Illinois over the Internet.  Each Defendant Internet Store offers shipping to the United States, including Illinois, and, on information and belief, each Defendant has sold Counterfeit Calvin Klein Products into the United States, including Illinois.

26.     Defendants' use of the CALVIN KLEIN Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Calvin Klein Products, including the sale of Counterfeit Calvin Klein Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Calvin Klein.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

27.     Calvin Klein hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 26.

28.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered CALVIN KLEIN Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods.  The CALVIN KLEIN Trademarks are highly distinctive marks.  Consumers have come to expect the highest quality from Calvin Klein Products offered, sold or marketed under the CALVIN KLEIN Trademarks.

29.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the CALVIN KLEIN Trademarks without Calvin Klein's permission.

30.     Calvin Klein is the exclusive owner of the CALVIN KLEIN Trademarks.  Calvin Klein's United States Registrations for the CALVIN KLEIN Trademarks (Exhibit 1) are in full force and effect.  Upon information and belief, Defendants have knowledge of Calvin Klein's rights in the CALVIN KLEIN Trademarks, and are willfully infringing and intentionally using counterfeits of the CALVIN KLEIN Trademarks.  Defendants' willful, intentional and

unauthorized use of the CALVIN KLEIN Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Calvin Klein Products among the general public.

31.    Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.    Calvin Klein has no adequate remedy at law, and if Defendants' actions are not enjoined, Calvin Klein will continue to suffer irreparable harm to its reputation and the goodwill of its well-known CALVIN KLEIN Trademarks.

33.    The injuries and damages sustained by Calvin Klein have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Calvin Klein Products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

34.    Calvin Klein hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 33.

35.    Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Calvin Klein Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Calvin Klein or the origin, sponsorship, or approval of Defendants' Counterfeit Calvin Klein Products by Calvin Klein.

36.    By using the CALVIN KLEIN Trademarks in connection with the sale of Counterfeit Calvin Klein Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Calvin Klein Products.

37.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Calvin Klein Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

38.     Calvin Klein has no adequate remedy at law and, if Defendants' actions are not enjoined, Calvin Klein will continue to suffer irreparable harm to its reputation and the goodwill of the Calvin Klein brand.

## COUNT III
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
### (815 ILCS § 510, *et seq.*)

39.     Calvin Klein hereby re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 38.

40.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their Counterfeit Calvin Klein Products as those of Calvin Klein; causing a likelihood of confusion and/or misunderstanding as to the source of their goods; causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine Calvin Klein Products; representing that their Counterfeit Calvin Klein Products have Calvin Klein's approval when they do not; and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

41.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, *et seq*.

42.     Calvin Klein has no adequate remedy at law, and Defendants' conduct has caused Calvin Klein to suffer damage to its reputation and goodwill.  Unless enjoined by the Court,

Calvin Klein will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## PRAYER FOR RELIEF

WHEREFORE, Calvin Klein prays for judgment against Defendants as follows:

1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

   a. using the CALVIN KLEIN Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Calvin Klein Product or is not authorized by Calvin Klein to be sold in connection with the CALVIN KLEIN Trademarks;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Calvin Klein Product or any other product produced by Calvin Klein, that is not Calvin Klein's or not produced under the authorization, control, or supervision of Calvin Klein and approved by Calvin Klein for sale under the CALVIN KLEIN Trademarks;

   c. committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Calvin Klein Products are those sold under the authorization, control or supervision of Calvin Klein, or are sponsored by, approved by, or otherwise connected with Calvin Klein;

   d. further infringing the CALVIN KLEIN Trademarks and damaging Calvin Klein's goodwill; and

e. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Calvin Klein, nor authorized by Calvin Klein to be sold or offered for sale, and which bear any of Calvin Klein's trademarks, including the CALVIN KLEIN Trademarks, or any reproductions, counterfeit copies, or colorable imitations thereof;

2) Entry of an Order that, upon Calvin Klein's choosing, the registrant of the Defendant Domain Names shall be changed from the current registrant to Calvin Klein, and that the domain name registries for the Defendant Domain Names, including, but not limited to, VeriSign, Inc., Neustar, Inc., Afilias Limited, CentralNic, Nominet, and the Public Interest Registry, shall unlock and change the registrar of record for the Defendant Domain Names to a registrar of Calvin Klein's selection, and that the domain name registrars, including, but not limited to, GoDaddy Operating Company, LLC ("GoDaddy"), Name.com, PDR LTD. d/b/a PublicDomainRegistry.com ("PDR"), and Namecheap, Inc. ("Namecheap") shall take any steps necessary to transfer the Defendant Domain Names to a registrar account of Calvin Klein's selection; or that the same domain name registries shall disable the Defendant Domain Names and make them inactive and untransferable;

3) Entry of an Order that, upon Calvin Klein's request, those in privity with Defendants and those with notice of the injunction, including, without limitation, any online marketplace platforms such as iOffer, eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate, web hosts, sponsored search engine or ad-word providers, credit cards, banks, merchant account providers, third party processors and other payment processing service providers, Internet search engines such as Google, Bing and Yahoo, and domain name registrars, including, but

not limited to, GoDaddy, Name.com, PDR, and Namecheap, (collectively, the "Third Party Providers") shall:

    a.  disable and cease providing services being used by Defendants, currently or in the future, to engage in the sale of goods using the CALVIN KLEIN Trademarks;

    b.  disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the CALVIN KLEIN Trademarks; and

    c.  take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index;

4) That Defendants account for and pay to Calvin Klein all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the CALVIN KLEIN Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5) In the alternative, that Calvin Klein be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the CALVIN KLEIN Trademarks;

6) That Calvin Klein be awarded its reasonable attorneys' fees and costs; and

7) Award any and all other relief that this Court deems just and proper.

Dated this 28th day of June 2019.  Respectfully submitted,


/s/ Justin R. Gaudio
Amy C. Ziegler
Justin R. Gaudio
Allyson M. Martin
Greer, Burns & Crain, Ltd.
300 South Wacker Drive, Suite 2500
Chicago, Illinois 60606
312.360.0080 / 312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
amartin@gbc.law

*Counsel for Plaintiffs Calvin Klein Trademark Trust and Calvin Klein, Inc.*